## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CORNELIUS B. PRIOR, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>TRUSTEES OF THE COLLEGE OF THE HOLY CROSS,<br><br>    Defendant. | C.A. No. 4:23-cv-40116 |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S
### MOTION FOR LEAVE TO FILE SUPPLEMENTAL EXHIBIT

Joseph L. Bierwirth, Jr. (BBO #564071)
John M. Stephan (BBO #649509)
HEMENWAY & BARNES LLP
75 State Street, 16th Floor
Boston, MA 02109
 (617) 227-7940

Mark E. Swirbalus (BBO #631650)
Benjamin M. McGovern (BBO #661611)
Nora S. McMurphy (BBO #710305)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
(617) 573-5852

*Attorneys for Defendant*

Currently pending before this Court is the motion of defendant, Trustees of the College of the Holy Cross (the "College"), to compel mediation and arbitration pursuant to the terms of the written February 28, 2014 pledge agreement between the College and Plaintiff (the "Agreement"). As this Court is aware, the College's motion was subject to two full rounds of briefing and was argued at length during a nearly three-hour hearing conducted on August 2, 2014. Now, however, Plaintiff is seeking leave to submit a decade-old newspaper article as supplemental evidence under the guise that it is both newly-discovered and somehow relevant to the question of arbitrability. The article is neither.

First, Plaintiff was or should have been aware of this article in time to have included it in his previous briefing. Indeed, Plaintiff himself is quoted extensively in the article and is depicted in a picture accompanying the online version, which is and always has been publicly available. It is of no consequence that Plaintiff's counsel may have been unaware of the article until it was recently called to his attention by a member of the press. Nor is the article relevant to the key question in dispute – the enforceability of the ADR provision set forth in the 2014 Agreement. The fact that the parties announced Plaintiff's intent to make a donation in 2013 has no bearing on that question. The College's innocuous quotes in the article (*i.e.,* "[t]oday, we begin a new springtime for the arts at the College of the Holy Cross" ... "[y]our gift is a game changer for us") also shed no light on whether (as Plaintiff asserts) the parties had an enforceable oral agreement by that time. Nor do they tell this Court anything about the alleged terms of such an oral agreement or whether (as this Court noted at the hearing) it was subsequently incorporated into or superseded by the written Agreement. Accordingly, this Court should deny Plaintiff's request for leave to supplement the record because it is both untimely and inconsequential to the issues in dispute.

However, if this Court is inclined to allow supplementation of the evidentiary record by Plaintiff, then it should do so for both parties. Left unsaid in Plaintiff's Local Rule 7.1(a)(2) Certification is the fact that counsel for the College indicated a willingness to consider assenting to Plaintiff's request for supplemental evidence and/or briefing if Plaintiff would agree that any supplementation would be reciprocal. Plaintiff refused. And the reason why is evident: the transcript of the August 2, 2014 hearing reveals that Plaintiff is playing entirely fast and loose with facts that are central to this dispute and highly material to this Court's consideration of the arbitrability question. For example:

- Although Plaintiff argued during the hearing that he was unaware until "recently" that the College began construction on his project in 2019, *see* Transcript of August 2, 2024 Hearing ("Tr.") at 78-79 & 81, the truth is that he was well aware of all key milestones in real time, as evidenced by his attendance and vote at a July 17, 2019 Board of Trustees meeting authorizing the commencement of construction and his attendance at a September 6, 2019 groundbreaking ceremony at which he was photographed standing next to the College's then-President and Chair of the Board of Trustees. See <u>Exhibits A</u> and <u>B</u> attached hereto.

- Although Plaintiff argued during the hearing that he "never cared about the pledge letter agreement becoming binding and enforceable," *see* Tr., at 72; *see also id.* at 15-16, 18-19, & 82, the truth is that was Plaintiff who prepared the initial draft of the Agreement in 2013 and explained to the College that (among other things) it was designed to "protect [his] point of view." See <u>Exhibit C</u> attached hereto.

- Although Plaintiff argued during the hearing that after 2016, "no one [from the College] talked to him about [the project] again for six years," *see* Tr., at p. 40, the truth is that the College sent him numerous detailed updates throughout those years, including one on July 23, 2018 in which Plaintiff was given a thorough 5-point update on the project's "fundraising, finance and facilities," and he responded that he was "[d]elighted to learn of your progress in both fundraising and practical steps needed to start construction." See <u>Exhibit D</u> attached hereto.

- Although Plaintiff argued during the hearing that he thought the College had "abandoned" their deal years ago and was "shocked" by the College's request that he fulfill his full $25 million pledge, *see* Tr., at 40 & 81, the truth is that Plaintiff "reaffirm[ed] his commitment of $25 million to the College...." in writing as recently as November 10, 2022, after construction was completed and the College requested final payment. See <u>Exhibit E</u> attached hereto.

- Although Plaintiff argued during the hearing that the parties never "discussed anything relating to a dispute resolution provision," *see* Tr., p. 43, the truth is that he explicitly agreed to the ADR provision in an October 23, 2013 email exchange, *see* Exhibit F attached hereto, and, as noted in previous filings, attempted to enforce that ADR provision in November 2022 and acknowledged its existence in writing at least eight times between November 2022 and January 2023. *See* Dkt. No. 6 at pp. 2-3.

For this Court's convenience and reference, the College has summarized a few of Plaintiff's factual representations to this Court, and the evidence that disproves them, in a chart attached hereto as Exhibit G. Each of Plaintiff's factual misrepresentations set forth above were the subject of extensive argument during the August 2, 2024 hearing and are central to the question of arbitrability currently before this Court.

It has been and remains the College's position that this dispute should have been handled privately from the outset through mediation and/or arbitration. For presumably strategic reasons, Plaintiff chose a different path. And although the College understands and respects the process that this Court must follow in order to determine the threshold question of arbitrability, the College cannot sit idly by while Plaintiff continues to make false representations to this Court as part of that public process. Accordingly, to the extent this Court grants leave to re-open the evidentiary record to accept the article proffered by Plaintiff, equity demands that the College be afforded the same right to submit Exhibits A through F attached hereto in order to supplement and correct the factual record.[1]

## **CONCLUSION**

For the foregoing reasons, the College respectfully requests that this Court deny Plaintiff's motion for leave to supplement, or, alternatively, condition any such leave on the reciprocal supplementation of the record with Exhibits A through F attached hereto.

---

[1] If granted leave, the College is prepared to file whatever additional motions and/or affidavits may be necessary to authenticate and formally submit the exhibits and, if requested by this Court, additional corroborating documentary evidence, which is voluminous.

Respectfully submitted,

TRUSTEES OF THE COLLEGE OF THE HOLY CROSS,

By its Attorneys,

/s/ *Benjamin M. McGovern*
Joseph L. Bierwirth, Jr. (BBO #564071)
John M. Stephan (BBO #649509)
HEMENWAY & BARNES LLP
75 State Street, 16th Floor
Boston, MA 02109
 (617) 227-7940
jbierwirth@hembar.com
jstephan@hembar.com

Mark E. Swirbalus, (BBO #631650)
Benjamin M. McGovern (BBO #661611)
Nora S. McMurphy (BBO #710305)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
Tel: (617) 573-5852
mark.swirbalus@hklaw.com
benjamin.mcgovern@hklaw.com
nora.mcmurphy@hklaw.com

Dated: August 19, 2024

**CERTIFICATE OF SERVICE**

      I, Benjamin M. McGovern, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 19th day of August, 2024.

                                              /s/ Benjamin M. McGovern
                                              Benjamin M. McGovern

Dated:  August 19, 2024