| **Plaintiff's Factual Representations to the Court at August 2nd Hearing** | **Evidence Directly Contradicting Plaintiff's Factual Representations** |
|---|---|
| "He [Mr. Prior] never heard from them [the College] again about doing anything, and only recently he learned that they did not even start construction until 2019."  Transcript of August 2, 2024 Hearing ("Tr."), p. 78; *see also id.* at pp. 79 & 81. | Mr. Prior attended a groundbreaking ceremony on September 6, 2019, as evidenced by pictures taken of him at the ceremony situated between the College's then-President and Chair of the Board of Trustees.  *See* Collection of September 6, 2019 Pictures (filed herewith as <u>Exhibit A</u>).<br><br>Mr. Prior participated in July 17, 2019 Board of Trustees meeting at which he voted to approve the start of construction.  *See* Minutes of July 19, 2019 Meeting of Board of Trustees (filed herewith as <u>Exhibit B</u>). |
| "And there is absolutely nothing that Mr. Prior can ever be said to have done or said that is -- that shows an intent to waive an argument that the pledge letter agreement never became binding and enforceable against him because he never cared about the pledge letter agreement becoming binding and enforceable against him."  Tr., p. 72; *see also id.* at pp. 18-19 ("Mr. Prior never suggested he was not going to contribute if they did not sign a pledge letter. It did not come from him."). | *See* July 26, 2013 Letter from C.B. Prior to President Philip Boroughs, S.J. ("I am attaching a draft contract concerning my gift to Holy Cross that *I have worked out* with my lawyer ... I think it may be helpful for you to understand my thinking about a few of the issues that may arise and for which *this contract has been designed to protect my (Jesuit educated!) point of view*.") (emphasis supplied) (filed herewith as <u>Exhibit C</u>). |
| "And he [Mr. Prior] knew in 2016 they were not developing, he stopped giving them any money. And no one talked about it again for six years. The idea that they [the College] came to him six years later and said, oh, by the way, $7 million is owed, skipped a few of the tranches, skipped a few of the certifications, never heard from us, didn't develop for years, but you owe that check in five days. That shocked him. That's why we're here."  Tr., p. 40. | *See* July 23, 2018 email exchange between C.B. Prior and Tracy Barlok (College provides Mr. Prior with 5-point update on project "from a fundraising, finance and facilities perspective" and assures him that "we are staying on top of the details and moving ALL pieces forward as quickly as possible"; to which Mr. Prior responds "[d]elighted to learn of your progress in both fundraising and practical steps needed to start construction.") (filed herewith as <u>Exhibit D</u>). |

| Plaintiff's Factual Representations to the Court at August 2nd Hearing | Evidence Directly Contradicting Plaintiff's Factual Representations |
|---|---|
| "[A]s far as he [Mr. Prior] was concerned, they [the College] abandoned their deal, and he was not obligated to fund any more of that 25 million...." Tr., p. 81. | *See* November 10, 2022 Email from C.B. Prior to Helen W. Boucher ("After consultation with legal counsel *I wish to reaffirm my commitment of $25 million* to the College of the Holy Cross for its Performing Arts Center.") (emphasis supplied) (filed herewith as Exhibit E). |
| "[B]ut I don't think the parties ever discussed anything relating to a dispute resolution provision. There are aspects of this – that aren't reflective of the prior discussions." Tr., p. 43. | Mr. Prior explicitly accepted the ADR provision in email correspondence dated October 23, 2013. *See* October 23, 2013 email from C.B. Prior to Charles Weiss, et al. ("I think you will find my reply to your 'red-line' fairly accommodating ... *I do not like mediation or arbitration but I have yielded* because I strongly believe we will not disagree.") (filed herewith as Exhibit F) (emphasis supplied). |

2

#507576776_v2